## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK HALL, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )      No.: 19-cv-1135-JBM |
| | ) |
| LIEUTENANT MOLENEIRO, et al., | ) |
| | ) |
| Defendants. | ) |

## <u>MERIT REVIEW ORDER</u>

Plaintiff, proceeding *pro se*, pursues a § 1983 action alleging retaliation and the unconstitutional use of force at the Pontiac Correctional Center ("Pontiac"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff alleges that on March 6, 2019, he informed an unidentified 6 Gallery Officer that he was experiencing thoughts of suicide. He asked that the Officer summon a Crisis Team. The Officer agreed and left the area. Plaintiff thereafter placed a staple in his penis and another in his left forearm. Defendant Bailey responded to Plaintiff's cell and handcuffed and shackled him, apparently without incident. Defendant Bailey thereafter began walking Plaintiff to a holding

cell so he could undergo a mental health evaluation. On the way, Plaintiff and Defendant Bailey encountered Defendant Moleneiro. Defendant Moleneiro chided Plaintiff for engaging in self-harm, stating that Plaintiff knew that all he had to do was ask for a crisis team. Defendant then allegedly stated that he would not reward Plaintiff's negative behavior, instructing Defendant Bailey to punch Plaintiff in the penis. Defendant Bailey refused to do that, but forcefully punched Plaintiff three times in his right side. Defendants thereafter placed Plaintiff in the holding cell and left.

Plaintiff indicates that Defendant Peres, an individual who allegedly has a reputation for punching inmates and who had previously threatened him, entered the area. Plaintiff pleads that Defendant Peres donned black gloves and opened the locked holding cell door. Defendant then punched Plaintiff in the back of his head behind his left ear. The blow caused Plaintiff's head to hit the wall of the cell. Plaintiff indicates he required medical treatment, without providing detail as to the injury he suffered or the treatment which was required.

In an excessive force claim the relevant inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). This is so, as prison officials considering the use of force must balance the threat presented to inmates and prison officials against the possible harm to the inmate against whom the force is to be used. Here, Plaintiff appears to assert that he was compliant and non-combative but was nonetheless, punched by Defendant Bailey at the directions of Defendant Moleneiro and later, punched by Defendant Peres. As it does not appear that the Defendants used force for the purpose of restoring or maintaining discipline, Plaintiff has stated a colorable claim against them.

Plaintiff also alleges that when Defendant Peres left the cell, he said "this is what happens when fags go for lawsuits." Despite this statement by Defendant, Plaintiff indicates that at that time, he had not filed any federal lawsuits. Here, Plaintiff appears to allege that Defendant Peres retaliated against him based on Defendant's mistaken belief that Plaintiff had engaged in prior constitutionally protected activity. The fact that Defendant Peres was mistaken in this belief, however, will not shield him from potential First Amendment liability. *See Heffernan v. City of Paterson, N.J.*, 136 S. Ct. 1412 (2016).

In *Heffernan*, a police detective was demoted when his employer believed that he had supported a campaign against the incumbent mayor. It was later established that the detective had not supported the campaign, and so had not engaged in protected First Amendment speech. The Supreme Court, nonetheless, found that the detective had a valid First Amendment claim as the employer, though mistaken as to the facts, sought to punish him for constitutionally protected activity. In other words, it was the motive of the employer which counted. "We conclude that… the government's reason for demoting Heffernan is what counts here. When an employer demotes an employee out of a desire to prevent the employee from engaging in political activity that the First Amendment protects, the employee is entitled to challenge that unlawful action under the First Amendment and 42 U.S.C. § 1983—even if, as here, the employer makes a factual mistake about the employee's behavior." *Heffernan*, 136 S. Ct. at 1418. Here, Plaintiff states a colorable claim that Defendant Peres retaliated against him for filing lawsuits even if Defendant's belief as to this fact was mistaken.

Plaintiff names Defendant Wardens Ruskens and French in the caption but asserts no allegations against them in the body of the complaint. Under section 1983, plaintiff must allege personal liability on the part of a defendant, something he has failed to do as to the Wardens.

"[T]o be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir.2005) (citations omitted). Merely naming a defendant in the caption is insufficient to state a claim. *Jones v. Butler,* No. 14-00846, 2014 WL 3734482 *2 (S.D. Ill. July 29, 2014). Defendants Ruskens and French are DISMISSED.

**IT IS THEREFORE ORDERED:**

1.      This case shall proceed on the excessive force claims against Defendants Bailey, Moleneiro and Peres, and the retaliation claim against Defendant Peres. Defendants Ruskens and French are DISMISSED. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

2.      Plaintiff files [4] a motion for recruitment of *pro bono* counsel. Plaintiff does not, however, indicate that he has attempted to obtain counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). [4] is DENIED. If Plaintiff renews his motion for appointment of counsel, he is to provide copies of the letters he has sent to, and received from, prospective counsel.

3.      The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

4.      If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided

by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

6. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

7. Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

9.     Plaintiff shall immediately notice the Court of any change in mailing address or phone number.  The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1)  ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).


 7/24/2019                                          s/Joe Billy McDade
ENTERED                                       JOE BILLY McDADE
                                                UNITED STATES DISTRICT JUDGE